# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| EDWARD J. FANGMAN and<br>VICKIE FANGMAN, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>EMERY FEDERAL CREDIT UNION,<br><br>        Defendant. | CASE NO. 1:15-cv-792-SJD<br><br>Judge Susan J. Dlott<br>Magistrate Judge Karen L. Litkovitz<br><br><br>**STIPULATED PROTECTIVE ORDER<br>FOR THE PROTECTION OF<br>CONFIDENTIAL INFORMATION** |

Plaintiffs Steven Messina, Carmelita Hackett, Gary and Ann Ratcliff, Shelly and Frank Palombaro, Melinda and David Alvarado, and Kevin and Jennifer McAlpin ("Plaintiffs") and Defendant Emery Federal Credit Union ("Defendant"), by their counsel, and subject to approval of the Court, hereby stipulate to the following Order relating to confidential personal and business information.

**IT IS HEREBY STIPULATED THAT:**

Each party to this proceeding or any subsequent appeals and anyone else who may subscribe to this Stipulated Protective Order for the Protection of Confidential Information ("Order") agrees as follows:

## PURPOSE

The parties recognize that preparation and trial of this action may require the discovery of certain of the confidential financial, personal, or other records of Plaintiffs and of the confidential business records and materials containing confidential business, personnel, commercial, trade secret, or financial information, potentially including consumer information,

of Defendant or third parties. The parties desire to litigate this action without jeopardizing Plaintiffs', Defendant's, or any other person's interests and expectations in the confidentiality of their records and information, and so enter this Order.

## INFORMATION SUBJECT TO THIS ORDER

1.      The protection of this Order may be invoked with respect to any confidential financial, personal or business records and  materials containing confidential business, consumer, commercial, trade secret, or financial information (a) conveyed by or contained in a document produced or (b) stated in answer to an interrogatory or request for admission or (c) disclosed in an oral deposition by a party or a non-party in the course of discovery in this proceeding or (d) disclosed pursuant to a voluntary agreement between counsel. Any party to this action, or any non-party that has produced information that is reasonably believed by it to be the type so recognized, may, at or after the time of production, designate such information as "Confidential" and the information so designated shall thereafter be subject to the provisions of this Order. In the case of documents, each page that is to be produced under this Order shall be separately marked "Confidential."

2.      The parties agree to designate information as "Confidential" on a good faith basis and only as to information and materials that are in fact confidential, and not for the purposes of harassing the receiving party or parties or for the purpose of unnecessarily restricting the receiving party's or parties' access to information concerning the lawsuit.

3.      Regardless of whether marked "Confidential" as set forth in paragraph 1 of this Order, any and all personal financial records produced during the course of discovery shall automatically be deemed "Confidential" for purposes of this Order, even if not separately marked as such.

2

4.     The fact that a party inadvertently failed to designate particular documents or information as "Confidential" prior to producing them, or that material properly considered to be confidential was obtained from third parties prior to the transfer of Plaintiffs' claims to this Court, shall not preclude any party from designating such documents or information as "Confidential" in a timely fashion once the party becomes aware that the material should be protected.

## PERSONS AUTHORIZED TO RECEIVE "CONFIDENTIAL" INFORMATION

5.     Any information designated "Confidential" pursuant to paragraphs 1 and 2 of this Order shall not be disclosed to any person whatsoever other than the parties and their agents, officers and management employees, including in-house counsel, each outside counsel assisting in or responsible for this proceeding and members of the legal, paralegal, secretarial or clerical staff of such counsel, persons retained by parties' counsel to provide business, data, and similar services related to the litigation, counsel retained by witnesses, the Court, and jury members, persons employed as experts or consultants for each party, regardless of whether those experts or consultants are to provide testimony at trial in this matter, and witnesses on an as-needed basis only.

6.     No witness, expert, consultant, services personnel, or witness' attorney may be permitted to possess outside of the presence of counsel for a party, or to copy any document or information designated as Confidential, unless such person has been provided a copy of this Order, and has provided the attorney with a signed statement acknowledging such receipt and agreeing to be bound by the Order.

3

## LIMITATIONS ON THE USE OF "CONFIDENTIAL" INFORMATION

7.      Any information designated "Confidential" pursuant to paragraphs 1 and 2 of this Order shall be held in confidence by each person to whom it is disclosed, shall be used by the person who receives such information only for the purposes of this proceeding, and shall not be used by the recipient of the information for any function other than this litigation. It is understood, however, that Plaintiffs may serve one or more subpoenas for the production of documents upon Defendant in connection with *Fangman*, et al. *v. Genuine Title, LLC*, et al. (D. Md. Case No. 1:14-cv-81-RDB), seeking specific documents that have been produced in this action and that are protected by this Order. The parties agree that the service of such a subpoena in that action, even if it is based on knowledge obtained from the review of documents or information designated "Confidential" pursuant to this Order, does not violate this Order.

8.      In the event that any information or documents designated as "Confidential" as provided in paragraphs 1 and 2 of this Order are used in depositions, the reporter shall be instructed either (1) by a statement on the record by counsel at the time of the deposition, or (2) by written notice to all counsel within thirty business days after the receipt of the transcript that the portions of the deposition relating to the "Confidential" information, as well as any "Confidential" documents which are made exhibits, shall be retained under seal and that copies of such materials shall be given only to those persons afforded access under paragraph 5. In addition, only those persons afforded access under paragraph 5 may be present at any deposition examination concerning "Confidential" information.

9.      If any document, pleading or tangible item which is designated confidential under this Order, or contains information designated confidential, is filed and submitted to the Court, it

4

shall be filed in a sealed envelope or container marked with the case caption and a notice substantially as follows:

**CONFIDENTIAL**

This envelope or container holds information of [name of party or parties] filed under seal pursuant to a protective order. This envelope or container may not be opened, and the contents hereof may not be displayed or revealed, except by the direction of the Court or by written consent of [name of party or parties].

10.     This Order shall also apply to all pleadings, deposition transcripts, discovery papers, summaries, notes, abstracts or other instruments which comprise, embody, summarize, discuss, or quote from any documents produced in the litigation which contain Confidential Information, or any other material, designated Confidential, including memoranda or work product prepared by counsel, their staff or authorized outside consultants or experts.

## FINAL TERMINATION OF PROCEEDING

11.     Upon final termination of this proceeding, including all subsequent appeals, each party shall either destroy or return to the producing party all materials produced and designated as "Confidential" and all copies thereof. Unless a court orders otherwise, the parties shall continue after final termination of this proceeding to keep information marked as confidential in the manner provided by this Order.

12.     This Order shall be without prejudice to the right of any party or non-party to present to the Court a motion for a separate Protective Order as to any such particular document or information, including restrictions differing from those as specified herein, and this Order shall not be deemed to prejudice either party in any way in any future application for modification of this Order.

13.     The parties may agree only in writing to withdraw the designation of "Confidential." If a party notifies the opposing party in writing that it disputes the confidentiality designation of a document, the parties shall meet and confer in good faith in an attempt to resolve any dispute. In the event any dispute over one or more designations is not resolved, then, consistent with the Court's procedures for discovery disputes, the party challenging the designation of the document as "Confidential" shall bear the initial burden of going forward to move the Court to resolve the issue and shall explain why it contends the designation is improper, but the party designating the material as confidential shall bear the ultimate burden of establishing that the material should be protected. The document in question will remain subject to the confidentiality provisions of this Order until the Court rules on the designation of the document.

14.     This Order has no effect upon, and shall not apply to the parties' own use of the information and documents that that party produced under the protections of this Order, unless the documents contain non-public personal information of a consumer that has been designated as confidential by a party other than the party producing the material.

15.     In the event additional parties become parties to this action, they shall not have access to material marked "Confidential" until, by their counsel, they have executed and filed with the Court their agreement to be fully bound by this Order.

16.     Except for non-public personal information of a consumer, this Order shall not apply to information in the public domain or legitimately obtained from other sources not in violation of this Order regardless of whether or not such information is also contained in discovery materials designated as "Confidential" in this case.

17.     The undersigned counsel for the parties agree on behalf of their respective firms and clients to the terms set forth herein, and consent to the form and entry of this Order.

18.     The United States District Court for the Southern District of Ohio retains jurisdiction to alter or amend this Order by further order of the Court upon a showing of good cause. Upon approval by the Court, this Stipulated Protective Order shall be effective as the Order of the Court. Nothing in this Order shall abridge the right of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made concerning the issue of the status of "Confidential" information.

SO ORDERED:

_Susan J. Dlott_
Judge Dlott

Dated: 3/9/16


/s/ Michael P. Smith
Michael P. Smith
Sarah A. Zadrozny
Smith, Gildea & Schmidt, LLC
600 Washington Avenue, Suite 200
Towson, MD 21202
Phone: (410) 821-0070
Fax:    (410) 821-0071
Email: mpsmith@sgs-law.com
        szadrozny@sgs-law.com


Gregory M. Utter
Keating Muething & Klekamp PLL
One East 4th Street, Suite 1400
Cincinnati, OH 45202
Phone: (513) 579-6540
Fax:    (513) 579-6457
Email: gmutter@kmklaw.com


/s/ Carolyn A. Taggart
Carolyn A. Taggart
Porter Wright Morris & Arthur LLP
250 East Fifth Street, Suite 2200
Cincinnati, Ohio 45202-5118
Phone: (513) 369-4231
Fax:    (513) 421-0991
Email: ctaggart@porterwright.com


David M. Souders
Michael Y. Kieval
Jeffrey P. Blackwood
WEINER BRODSKY KIDER PC
1300 19th Street, NW, Fifth Floor
Washington, DC 20036
Phone: (202) 628-2000
Fax:    (202) 628-2011
Email: souders@thewbkfirm.com
        kieval@thewbkfirm.com
        blackwood@thewbkfirm.com
Counsel for Defendant

7

Timothy F. Maloney
Joseph, Greenwald & Laake
6404 Ivy Lane, Suite 400
Greenbelt, MD  20770
Phone: (301) 220-2200
Fax:    (301) 220-1214
Email: tmaloney@jgllaw.com
        vnannis@jgllaw.com

CINCINNATI/234893v.1

8