EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## CINCINNATI DIVISION

|  |  |
|---|---|
| FRANK A. AND SHELLY PALOMBARO, JR., *et al.*, | : : : | CASE NO. 1:15-cv-792-SJD |
| Plaintiffs, | : : | Judge Susan J. Dlott |
|  | : | Magistrate Judge Karen L. Litkovitz |
| v. | : : |  |
| EMERY FEDERAL CREDIT UNION, | : : |  |
| Defendant. | : : : |  |

# <u>CLASS ACTION SETTLEMENT AGREEMENT</u>

**Table of Contents**

Page

1.   Recitals ...................................................................................................... 1

2.   Definitions .................................................................................................. 1

3.   Conditional Nature Of Agreement ............................................................. 6

4.   Cooperation By The Parties ....................................................................... 9

5.   Class Member List ..................................................................................... 9

6.   Common Fund ........................................................................................... 10

7.   Settlement Benefits ................................................................................... 11

8.   Right To Object To The Settlement ........................................................... 12

9.   Right To Be Excluded (Opt-Out) From The Settlement ........................... 13

10.  Settlement Administrator .......................................................................... 14

11.  Notice Of The Settlement .......................................................................... 15

12.  Class Representatives' Service Awards ..................................................... 16

13.  Class Counsel's Attorneys' Fees And Costs ............................................. 16

14.  Restoration Of Rights And Defenses In The Event Of Non-Approval ........... 18

15.  Mutual Non-Disparagement ...................................................................... 18

16.  Release, Waiver, and Covenant Not to Sue .............................................. 18

17.  Miscellaneous ........................................................................................... 20

18.  Appendix
     Mailed Notice ................................................................................Exhibit A

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement (the "Agreement") is made and entered into as of November 3, 2017, by and between Frank and Shelly Palombaro, Kevin and Jennifer McAlpin, Gary Ratcliff, and David and Melinda Alvarado ("the Class Representatives"), for themselves and as the Representatives of the Emery Class (as appointed by the Court's August 10, 2017 Certification Order (Doc. #338), and as defined/amended in section 2.6 of this Agreement), their attorneys, Smith Gildea & Schmidt, LLC, Joseph Greenwald & Laake, P.A., and Keating Muething & Klekamp, PLL (together "Class Counsel"), and Emery Federal Credit Union ("Emery") (collectively, the "Parties").

### RECITALS

WHEREAS, claims have been asserted against Emery (the "Litigation Claims") in the above-captioned class action lawsuit titled *Palombaro v. Emery Federal Credit Union*, in the United States District Court for the Southern District of Ohio, Civil Action No. 1:15-cv-792-SJD (the "Litigation"), involving the alleged provision of improper benefits or kickbacks by Genuine Title, LLC and acceptance by Emery's former employees, agents, and/or representatives in exchange for the referral of Emery borrowers to Genuine Title for the settlement of their mortgage loans;

WHEREAS, the Class Representatives, through their counsel, have conducted a thorough investigation regarding the Litigation Claims asserted against Emery in the Litigation, including through counsel's discovery of the records of Genuine Title and other persons and entities with which Genuine Title did business, and through their review of discovery from and relating to Emery;

1

WHEREAS, following certification of the Litigation as a class action by this Court on August 10, 2017 (Doc. #338), the Parties and their counsel engaged in settlement negotiations to resolve the claims asserted against Emery; and

WHEREAS, based on their discovery and investigation of the Litigation Claims, and after the exchange of settlement offers, negotiations between counsel in writing, by telephone, and a full day Settlement Conference with the Honorable Stephanie K. Bowman, the Class Representatives and Class Counsel concluded that a settlement with Emery, according to the terms set forth below, is in their best interests and the best interests of the members of the Emery Class; and

WHEREAS, while Emery disputes the allegations in the litigation and denies that it is or may be liable for any of the Litigation Claims, it enters into this Agreement solely to avoid the further expense, inconvenience, and distraction of protracted discovery and further proceedings in the Litigation, and does so without any express or implied admission of fact or liability;

**NOW, THEREFORE**, the Parties, in consideration of the promises, covenants, and agreements herein described, and for other good and valuable consideration acknowledged by each of them to be satisfactory and adequate, and intending to be legally bound, do hereby mutually agree as follows:

1.      **Recitals**: The foregoing Recitals and defined terms therein are incorporated in this Agreement.

2.      **Definitions:**

In addition to the terms defined in the Recitals, the following terms shall have the meanings set forth below:

2

2.1    "Appellate Courts" refers to the United States Court of Appeals for the Sixth Circuit and the Supreme Court of the United States.

2.2    The term "CAFA Notice" refers to the notice requirements imposed by 28 U.S.C. § 1715(b).

2.3    The term "Common Fund" refers to the monies that will be funded by Emery and maintained and disbursed by the Settlement Administrator under the terms of this Agreement from which the Settlement Benefits will be paid.

2.4    The term "Court" refers to the United States District Court for the Southern District of Ohio.

2.5    The term "Effective Date" refers to the date on which the approval of this Settlement reaches Finality.

2.6    The term "Emery Class" refers to: All individuals in the United States who were borrowers on a federally related mortgage loan (as defined under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2602) originated or brokered by Emery for which Genuine Title provided a settlement service, as identified on the borrower's HUD-1, between January 1, 2009, and December 31, 2014. Exempted from this class is any person who, during the period of January 1, 2009, through December 31, 2014, was an employee, officer, and/or agent of Defendant Emery Federal Credit Union, Genuine Title LLC, Brandon Glickstein, Inc., Competitive Advantage Media Group LLC, and/or Dog Days Marketing, LLC.

2.7    The term "Exclusion Deadline" refers to the date established by the Court and to be set forth in the Mailed Notice for the receipt by the Settlement Administrator of any Requests for Exclusion.

3

2.8    The term "Final Fairness Hearing" refers to the hearing at which the Court shall: (a) determine whether to grant final approval to this Settlement; (b) consider any timely objections to this Settlement and all responses thereto; and (c) consider requests for an award of attorneys' fees and expenses to the Class Counsel and for Service Awards to the Class Representatives.

2.9    The term "Finality" refers to: (i) the Court's entry of both a final Order approving the Settlement under Federal Rule of Civil Procedure 23(e) (the "Final Approval Order") and a final Judgment dismissing all Released Claims against Emery with prejudice (the "Final Judgment Order"); and (ii) either (a) no Party or other person has initiated a timely appeal or otherwise sought review from the Final Approval Order or Final Judgment Order, or (b) if the Final Approval Order or Final Judgment Order entered by the Court with respect to the Settlement are appealed to one or both of the Appellate Courts, the Final Approval Order and Final Judgment Order have been affirmed in their entirety by the Appellate Court of last resort to which such appeal has been taken and such affirmance is no longer subject to further appeal or review.

2.10    The term "Judge" refers to any United States District Court Judge or Magistrate Judge who is now or later assigned to preside over the Litigation while claims are pending against Emery therein.

2.11    The term "Mailed Notice" refers to the Court-approved Notice regarding the Settlement that is to be mailed by the Settlement Administrator to members of the Emery Class, substantially in the form of **Exhibit A** to this Agreement.

2.12   The term "Notice" shall mean, collectively, all Court-approved communications by which the Emery Class members are notified of the Settlement and the Court's approval thereof, including the Mailed Notice.

2.13   The term "Notice Deadline" refers to the Court-approved deadline for the mailing of the Mailed Notice.

2.14   The term "Objection" refers to the timely and complete filing with the Court of a written objection to the Settlement, which includes all information specified in Section 8 of this Agreement.

2.15   The term "Objection Deadline" refers to the date established by the Court and to be set forth in the Mailed Notice for the filing with the Court of any Objections to the Settlement.

2.16   The term "Preliminary Fairness Hearing" refers to the hearing at which the Court shall: (a) determine whether to grant the Motion for Preliminary Approval of this Settlement; and, if such approval is granted, whether to (b) preliminarily approve the Settlement under the terms of this Agreement; (c) approve the proposed Notice and Notice Plan (as set out in Section 11, below); (d) appoint the Settlement Administrator; (e) establish the Objection Deadline and requirements for the filing of Objections to the Settlement; (f) establish the Exclusion Deadline and requirements for the filing of Requests for Exclusion from the Emery Class; (g) establish a date for the Final Fairness Hearing; (h) appoint Class Counsel as counsel for the Emery Class; and (i) preliminarily enjoin any member of the Emery Class who does not file a complete and valid Request for Exclusion by the Exclusion Deadline from filing suit or asserting any claim, demand, and/or counterclaim with respect to matters released in Section 16 of this Agreement.

2.17 The term "Releasees" shall have the meaning set forth in Section 16 of this Agreement.

2.18 The term "Releasors" shall have the meaning set forth in Section 16 of this Agreement.

2.19 The term "Request for Exclusion" refers to a complete written request to be excluded from the Emery Class that includes all information specified in Section 9 of this Agreement, and is received by the Settlement Administrator before the Exclusion Deadline approved by the Court.

2.20 The term "Service Awards" refers to Court-approved awards to the Class Representatives, pursuant to Section 12 of this Agreement.

2.21 The term "Settlement" refers to the settlement, release, and final dismissal of claims contemplated by this Agreement.

2.22 The term "Settlement Administrator" refers to the entity engaged to send the Mailed Notice of the Settlement, process Requests for Exclusion, disburse payments to members of the Emery Class from the Common Fund, maintain a website regarding the Settlement, and to perform all other tasks set forth in Section 10 of this Agreement.

2.23 The term "Settlement Benefits" refers to the benefits to be remitted under the terms of this Agreement from the Common Fund to eligible members of the Emery Class as detailed in Section 7 of this Agreement.

2.24 The term "Settlement Fund" refers to the total of monies that will be funded by Emery under the terms of this Agreement from which the Settlement Benefits, Court-awarded Class Counsel fees and expenses, Class Representatives' Service Awards, and Settlement Administrator's fees will be paid.

6

2.25   With respect to actions or events which must occur within a certain amount of time, days shall be computed in the manner described in Federal Rule of Civil Procedure 6.

2.26   Definitions used herein shall apply to the singular and plural forms of each term defined.

2.27   Definitions used herein shall apply to the masculine, feminine, and neuter genders of each term defined.

2.28   References to a person or entity under this Agreement include their permitted heirs, personal representatives, executors, affiliates, successors, and assigns.

2.29   Whenever the words "include," "includes," or "including" are used in this Agreement, they shall not be limiting, but rather shall be deemed to be followed by the words "without limitation."

**3.     Conditional Nature of Agreement**: This Agreement and the Settlement contemplated hereby are expressly conditioned upon all of the following, which the parties agree are each material conditions precedent to the payment of Settlement Benefits to members of the Emery Class, the payment of any Court-awarded Service Awards, and the payment of any Court-awarded attorneys' fees and expenses to Class Counsel under this Agreement:

3.1     Plaintiffs' filing with the Court of a Motion for Preliminary Approval of the Settlement;

3.2     The Court's holding of the Preliminary Fairness Hearing, and issuance of a Preliminary Approval Order: (a) granting the Motion for Preliminary Approval of the Settlement; (b) preliminarily approving the Settlement under the terms of this Agreement; (c) approving the proposed Notice and the Notice Plan; (d) appointing the Settlement Administrator; (e) establishing the Objection Deadline and requirements for the filing of Objections to the

7

Settlement; (f) establishing the Exclusion Deadline and requirements for the filing of Requests for Exclusion from the Emery Class; (g) establishing a date for the Final Fairness Hearing; and (h) preliminarily enjoining the members of the Emery Class who do not file complete and valid Requests for Exclusion by the Exclusion Deadline from filing suit or asserting any claims, demands, and/or counterclaim with respect to matters released in Section 16 of this Agreement;

3.3 The mailing of the approved Mailed Notice to the Emery Class;

3.4 The expiration of the Objection Deadline and Exclusion Deadline;

3.5 That either (a) by the Exclusion Deadline. complete and valid Requests for Exclusion are filed with respect to no more than 5% of the loans that the Emery Class obtained that are the subject of the Litigation; or (b) Emery elects, at its option, up to thirty (30) days after the Exclusion Deadline, to proceed with the Settlement notwithstanding the failure of the condition set forth in Section 3.5(a);

3.6 Plaintiffs' filing with the Court of a Motion for Final Approval of the Settlement and the Entry of Final Judgment dismissing with prejudice all claims of the Emery Class asserted in the Litigation against Emery;

3.7 The Court's holding of the Final Fairness Hearing and issuance of a Final Approval Order and Final Judgment Order: (a) disposing of any Objections to the Settlement; (b) granting the Motion for Final Approval; (c) granting final approval of the Settlement and the release of claims set forth in Section 16 of this Agreement by the Class Representatives and the members of the Emery Class who did not file complete and valid Requests for Exclusion by the Exclusion Deadline; (d) dismissing with prejudice all claims of the Emery Class asserted in the Litigation against Emery by the Class Representatives on behalf of themselves and all members of the Emery Class who did not file a complete and valid Request for Exclusion; and (e)

permanently enjoining any members of the Emery Class who did not file complete and valid Requests for Exclusion by the Exclusion Deadline from filing suit or any claim, demand, and/or counterclaim with respect to matters released in Section 16 of this Agreement;

3.8     Class Counsel's filing of a Motion for the Award of Counsel Fees and Expenses and a Motion for Service Awards to the Class Representatives, consistent with the terms of this Agreement;

3.9     The Court's issuance of an Order deciding the Motion for the Award of Counsel Fees and Expenses and the Motion for Service Awards to the Class Representatives, with the understanding that any order awarding the Class Counsel fees and expenses and the Class Representatives' Service Awards shall not exceed the maximum amounts set forth in Sections 12 and 13 of this Agreement, and that all Class Counsel fees, expenses and Class Representatives' Service Awards shall be paid solely from the Settlement Fund;

3.10    The Orders of the Court granting final approval to the Settlement reaching Finality.

Should any of these conditions not be met, the Parties agree that the Settlement and the terms of this Agreement shall terminate and be deemed null and void, except for Sections 5.2, 14, and 17.3 hereof which will survive the termination of this Agreement, and any other provisions or sections of this Agreement which expressly state that they survive termination of this Agreement.

4.      **Cooperation By The Parties:** The Parties and their counsel agree to cooperate fully and in good faith with each other to promptly execute all documents and take all steps necessary to effectuate the Settlement consistent with the terms and conditions of this Agreement. The Parties and their counsel further agree to support the preliminary and final approval of this

9

Settlement consistent with the term and conditions of this Agreement, including against any appeal of the Final Approval Order and Final Judgment Order and any collateral attack on the Settlement or the Final Approval Order and Final Judgment Order, to the extent the Settlement, Final Approval Order, and Final Judgment Order are consistent with the terms and conditions of this Agreement.

Emery agrees to provide to Class Counsel a copy of its monthly financial summary sheet within seven (7) days of each regular monthly board meeting, until the balance of the Settlement Fund has been paid into the Common Fund.

**5.      Class Member List.**

5.1      Class Counsel have identified over 4,400 borrowers of federally related mortgage loans (as defined under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2602) originated or brokered by Emery that were closed through Genuine Title between January 1, 2009 and December 31, 2014 who Class Counsel believe are members of the Emery Class. Emery and Class Counsel agree to cooperate in good faith to identify members of the Emery Class and their contact information through reasonable efforts and research of records and information available to the parties. Emery and Class Counsel will identify the final Class Member List on or before the mailing of the Mailed Notice, provided that nothing shall preclude the Parties or the Settlement Administrator from asserting, prior to issuance of the Final Approval Order, that any person identified on the Class Member List is not eligible to be a member of the Emery Class.

5.2      The Parties agree and acknowledge that the Class Member List contains certain confidential information and that the account information identified in the Class List constitutes confidential material. Therefore, the Parties agree to treat the Class Member List as confidential and to use the Class Member List and the information contained therein solely for the purpose of

providing the Settlement Benefits offered by this Agreement to members of the Emery Class and otherwise implementing the terms of this Agreement, and for no other purpose whatsoever. Except to the extent authorized by this Agreement, the Parties further agree that they will not disclose the Class Member List or any of the information contained in the Class Member List to members of the Emery Class or any third party, except pursuant to a valid subpoena or discovery request. Notwithstanding any contrary language contained in this Agreement, the provisions of this paragraph shall survive any termination or modification of this Agreement and shall continue to be binding regardless of whether or not the Settlement is fully implemented or receives preliminary or final approval.  Notwithstanding the foregoing, the confidentiality of the Class Member List, and the information contained therein, does not extend to information that is learned by Class Counsel through legitimate means other than from Emery.  For the avoidance of any doubt, in the event the Settlement does not reach Finality, Class Counsel may use the Class Member List for purposes of the Litigation (provided, however, that it shall not constitute an admission or waiver by Emery of any fact or contention), subject to the Protective Order under which the Class Member List shall be designated Confidential and Attorneys' Eyes Only.

6. **Common Fund**:

The Settlement Fund shall total $9,000,000.00.  Within fourteen (14) days following the entry of the Preliminary Approval Order, $50,000.00 (the "Escrowed Funds") of the Settlement Fund amount will be paid by Emery into a Common Fund account maintained by the Settlement Administrator to be used toward payment of the Settlement Administrator's fees, with the balance to be distributed in accordance with the Final Approval Order and Final Judgment Order. The Common Fund shall be maintained in an interest-bearing account.  The Escrowed Funds are nonrefundable to Emery, provided that, in the event this Agreement or the Settlement are

11

terminated or not approved, the balance of the Escrowed Funds, if any remains after payment of accrued Settlement Administrator's fees and expenses, will be refunded to Emery.

Within twenty-one (21) days after entry of the Final Approval Order, Emery shall remit to the Settlement Administrator the balance of the Settlement Fund–the remaining $8,950,000.00–into the Common Fund to fully fund the Settlement Benefits to the Emery Class members and other fees and expenses. The money in the Common Fund shall be maintained to pay all amounts due in accordance with the terms of the Settlement, as approved by the Court.

Emery shall not be responsible or liable for paying any amounts of money for Settlement Benefits, Class Representatives' Service Awards, Class Counsel's award of fees, expenses, and costs, the Settlement Administrator's fees, or any other costs, fees, expenses, or awards related to the Settlement outside of or in addition to the $9,000,000 Settlement Fund; provided, however, that Emery or Plaintiffs may be liable for such damages as may be awarded in a separate action for breach of this Agreement, if any.

7. **Settlement Benefits**:

7.1    Adjustments to the Common Fund. The following adjustments shall be made to and subtracted from the Common Fund:

    (a)   Payment to the Settlement Administrator in such amount as required for the administration of the settlement, in accordance with Section 6 of this Agreement;

    (b)   Payment of Class Counsel's costs, expenses, and fees in such amount as may be allowed and approved by the Court, but not to exceed the maximum amount set forth in Section 13 of this Agreement; and

    (c)   Payment of Class Representatives' Service Awards as may be allowed and approved by the Court, but not to exceed the maximum amounts set forth in Section 12 of this Agreement.

7.2    Within ten (10) days after Finality of the Settlement, the Common Fund, less the adjustments set forth in the preceding subparagraph, will be distributed to those members of the Emery Class who did not file a complete and valid Request for Exclusion by the Exclusion Deadline. Each of these class members shall receive a proportionate share of the Common Fund remaining after deduction of any awards of attorneys' fees, costs, expenses, and Service Awards as provided in the preceding subparagraph. The formula for distribution shall be the Common Fund less any awards of attorneys' fees, costs, expenses, and Service Awards, divided by the number of members of the Emery Class who did not file a complete and valid Request for Exclusion by the Exclusion Deadline.

7.3     To the extent that there is more than one borrower on an Emery loan subject to this Settlement, the co-borrowers shall be deemed to be one member of the Emery Class and the Settlement Benefits shall be paid by check payable jointly to the co-borrowers on such loan.

7.4     Settlement Benefits checks shall be mailed by first-class mail by the Settlement Administrator to the last known addresses for those Emery Class members eligible to receive Settlement Benefits under this Settlement. If there is more than one borrower on a subject loan and the co-borrowers have the same last known address, the Settlement Benefits check will be mailed to that last known address. If there is more than one borrower on a subject loan and the co-borrower's last known address differs from that of the primary borrower, the Settlement Benefits check will be mailed to the last known address for the primary borrower on that loan, and the Settlement Administrator will also send a photocopy of the transmittal letter to the co-borrower's address.

7.5     Settlement Benefits checks shall be notated as void after ninety (90) days from the date thereof. If a Settlement Benefits check remains un-negotiated after one hundred (100) days from the date of the check, the Settlement Administrator shall stop payment on the uncashed Settlement Benefits check, undertake an updated address verification for the primary borrower and, if that address has changed since the mailing of Notice, the Settlement Administrator shall reissue a replacement Settlement Benefits check to the payee(s) and mail the replacement check by first-class mail to the updated address for the primary borrower.

7.6     If sufficient funds remain in the Settlement Fund 100 days after the completion of the process described in Section 7.5 to provide a second distribution of at least $20.00 to each member of the Emery Class who timely negotiated the settlement checks that were previously sent to them, after the costs of the second distribution are deducted, the Settlement Administrator

14

shall, after deducting the estimated fees and expenses of the second distribution, take the amount remaining in the Settlement Fund and send an equal share of that money to each of the members of the Emery Class who timely negotiated the settlement checks that were previously sent to them. Those checks shall also be notated as void after ninety (90) days from the date thereof. If such a check remains un-negotiated after one hundred (100) days from the date of the check, the Settlement Administrator shall stop payment on the uncashed check.

7.7     Any funds remaining in the Common Fund account on the later of more than three hundred thirty (330) days after Finality of the Settlement or 30 days after any appeal becomes final, shall be contributed (and remitted by the Settlement Administrator) to Habitat for Humanity International, a not-for-profit organization that partners with future and current homeowners to build simple, decent, and affordable housing for low to very low-income families, or any other organization approved by the Court.

**8.     Right To Object To The Settlement**: Any member of the Emery Class shall have the right to object to the Settlement by filing a written Objection with the Court at the address listed in the Mailed Notice and by mailing copies thereof to the Parties' counsel, not later than the Objections Deadline established by the Court, which shall not be more than sixty (60) days after the date the Mailed Notice is mailed to the Emery Class, or as otherwise ordered by the Court. All Objections must be signed by the person(s) making the objection, or an attorney or legal guardian authorized to act on their behalf, and must set forth in detail each component of the Settlement to which they object, the reasons for each such objection, and any legal authority that they wish the Court to consider in support thereof. Objections must also include the objector's full name and current address, the full name and current address of any co-borrower(s) on their Emery mortgage loan, the address of the property which secured their Emery mortgage

15

loan, and an affirmation, under penalty of perjury, that the person on whose behalf the objection is filed and their co-borrower(s), if any, object to the Settlement and intend to appear at the Final Fairness Hearing, at which time their Objections will be considered, if not previously withdrawn.

9.      **Right To Be Excluded (Opt-Out) From The Settlement**: Any member of the Emery Class shall have the right to opt-out of the Emery Class by sending a written Request for Exclusion from the Emery Class to the Settlement Administrator at the address listed in the Mailed Notice, which must be received by the Settlement Administrator no later than the Exclusion Deadline set by the Court, which shall not be more than sixty (60) days after the date the Mailed Notice is mailed to the Emery Class, or as otherwise ordered by the Court. Requests for Exclusion must be signed by the person requesting exclusion from the Emery Class and any co-borrower(s) on their Emery mortgage loan and must include the requestor's full name and current address, the full name and current address of any co-borrower(s) on their Emery mortgage loan, the address of the property which secured their Emery mortgage loan, and an affirmation, under penalty of perjury, that the requestor seeking to be excluded from the Class and their co-borrower(s), if any, wish to opt-out of the Emery Class and understand that, in doing so, they will not be entitled to any Settlement Benefits under the Settlement. No single Request for Exclusion shall be effective as to more than one borrower or set of co-borrowers. In no event shall any notice in which a person, who does not possess a valid power of attorney, purports to opt any other person out of the Settlement (including any group, aggregate, or class involving more than one Emery Class member) be considered a valid opt-out. Individuals are not permitted to exclude other individuals, and if there is a Group of opt-outs each individual Emery Class member must evidence his or her intent by complying with the procedures above. Any opt-out submitted by an Emery Class member on behalf of a group, aggregate, or putative class

16

shall be deemed valid as to that Emery Class member's loan only, and shall be invalid as to the group, aggregate, or putative class.

**10. Settlement Administrator:**

10.1    The Parties agree that the Settlement Administrator shall be KCC, LLC, unless the parties mutually agree to specify a different entity as Settlement Administrator.

10.2    The Settlement Administrator will be retained by Class Counsel and paid out of the Escrowed Funds and Settlement Funds, pursuant to Section 6 of this Agreement.

10.3    The Settlement Administrator shall be responsible for administering the Settlement, including:

(a)    undertaking address verifications for members of the Emery Class and conducting appropriate research, using competent Internet information brokers, and/or a recognized credit bureau to ensure that any Mailed Notice which it returned for the reason that the address is incorrect will be corrected and a timely second notice sent;

(b)    sending the Mailed Notice, pursuant to Section 11 of this Agreement;

(c)    preparing reports regarding the Mailed Notice, as directed by the Parties' counsel and in accordance with the deadline established by the Court;

(d)    accepting and reporting on Requests for Exclusion received by the Exclusion Deadline;

(e)    establishing and maintaining a Settlement website;

(f)    opening an account for the deposit of the Common Fund, at a federally-insured depository institution with a branch in the Southern District of Ohio, and for remitting payments from the Common Fund for Settlement Benefits payable to eligible members of the Emery Class, the Class Representatives, and Class Counsel;

17

(g)     preparing such declarations or affidavits as are necessary to present to the Court with respect to the Settlement Administrator's duties and fulfillment thereof in support of final approval of the Settlement;

(h)     issuing Form 1099s to Emery Class members eligible for payment of Settlement Benefits and to Class Counsel; and

(i)     such other duties as directed by Class Counsel, provided that any modification of the duties referenced in subparts (a)-(h) of this Section must be mutually agreed to by the Parties.

10.4     The Parties consent to the release to the Settlement Administrator of the names, addresses, and social security numbers for Emery Class Members solely for the purposes of fulfilling the Settlement Administrator's duties under this Agreement, which information shall be maintained as confidential by the Settlement Administrator and shall be destroyed by the Settlement Administrator at the conclusion of its duties.

**11.     Notice Of The Settlement**:

11.1     Notice of the Settlement shall be provided through a Court-approved Notice Plan, which shall include the mailing of the Mailed Notice to the respective members of the Emery Class under this Settlement by the Notice Deadline and by postings on the Settlement Website, as set forth in this Section.

11.2     Within twenty (20) days following entry of the Preliminary Approval Order, the Settlement Administrator shall mail to the members of the Emery Class a Court-approved Notice substantially in the form attached as **Exhibit A**.

11.3     The Mailed Notice shall be sent by first-class mail to the class member's last known address reflected on the final Emery Class List. If there is more than one borrower on a subject loan and the co-borrowers have the same last known address, the Mailed Notice will be

18

mailed to the co-borrowers' shared last known address. If there is more than one borrower on a subject loan and the co-borrowers have different last known addresses, separate Mailed Notices will be mailed to each co-borrower's last known address.

11.4    The Settlement Administrator shall also establish and maintain a website relating to the Settlement (the "Settlement Website") on which it will post copies of the Mailed Notice, the Fourth Amended Complaint in the Litigation, the Order Granting Plaintiffs' Second Amended Motion for Class Certification and, following their issuance, the Preliminary Approval Order, Final Approval Order, and Final Judgment Order pertaining to this Settlement, as well as contact information for the Settlement Administrator and its call center. The Settlement Website shall be established not later than twenty (20) days after the issuance of the Preliminary Approval Order and will remain active for ninety (90) days after the Settlement reaches Finality, unless this Agreement is terminated earlier.

11.5    All costs associated with the Notice provided under this Section shall be paid from the Escrowed Funds and the Settlement Fund pursuant to Section 6 of this Agreement.

**12.    Class Representatives' Service Awards:** The Class Representatives shall have the right to file a motion with the Court, no later than thirty (30) days before the Final Fairness Hearing, for Service Awards not to exceed $5,000 to each Class Representative. Emery agrees not to object to such a motion for Service Awards filed by the Class Representatives, provided that it is consistent with this Section. Any Service Awards to the Class Representatives approved by the Court shall be paid from the Common Fund and shall be in addition to the Settlement Benefits payable to the Class Representatives.

**13.    Class Counsels' Attorneys' Fees and Costs:** Class Counsel shall have the right to file a motion with the Court, no later than thirty (30) days before the Final Fairness Hearing,

19

for an award of attorneys' fees, costs, and expenses incurred in the prosecution and settlement of the Litigation Claims against Emery pursuant to the Local Rules of the Court (a "Motion for Fees and Expenses").

13.1    Class Counsel's Motion for Fees and Expenses may seek an award of attorney's fees of not more than thirty percent (30%) of the Settlement Fund, plus costs and expenses actually incurred.  Emery agrees not to object to Class Counsels' Motion for Fees and Expenses so long as the Motion for Fees and Expenses is consistent with this section.

13.2    Class Counsel shall receive attorneys' fees, costs, and expenses in an amount to be awarded by the Court pursuant to Class Counsel's Motion for Fees and Expenses.  The Class Counsel award of attorney's fees, costs, and expenses shall be paid out of the Common Fund from the Settlement Fund and any remaining Escrowed Funds. Class Counsel shall limit the amount of expenses requested in their Petition for Fees and Expenses to those specifically attributable to Emery through the date of the Final Fairness Hearing, including the proportionate share of general expenses from the Maryland action attributable to Emery  until the claims against Emery were severed and transferred to the Southern District of Ohio.

13.3    Payment of any award of attorneys' fees, costs, and expenses shall come from the Common Fund as set forth in Section 7.1 of the Agreement.  No check for the payment of Court-awarded attorneys' fees, costs, and expenses will be issued until Class Counsel provides signed and completed Form W-9s (current as of the date of payment) to the Settlement Administrator.

13.4    Approval by the Court of Class Counsels' Motion for Fees and Expenses shall not be a precondition to approval of the Settlement or entry of the Final Judgment Order in accordance with this Agreement.  Class Representatives and Class Counsel may not cancel or terminate the Settlement based on the Court's or any Appellate Court's ruling with respect to

20

fees, costs, expenses, or the disbursement thereof. Any appeal relating to Class Counsel's Motion for Fees and Expenses will not affect the Finality of the Settlement, the entry of the Final Approval Order or the Final Judgment Order, or the release provided in Section 16 of this Agreement. Class Counsels' Motion for Fees and Expenses may be considered separately from the Settlement.

14. **Restoration of Rights, Claims, and Defenses In the Event of Non-Approval:** In the event that the Settlement under this Agreement does not receive Preliminary and/or Final Approval by the Court or the orders of the Court approving the Settlement do not reach Finality, this Agreement shall terminate and be deemed null and void, and all negotiations, filings, documents, orders, and proceedings relating thereto shall not be discoverable or admissible in the Litigation or otherwise, and shall be without prejudice to the rights of the Parties hereto, who shall be restored to their respective positions and retain all of their rights and defenses existing as of the Settlement Date. For the avoidance of doubt, if the Common Fund has been funded, and the orders of the Court approving the Settlement do not reach Finality or the Settlement is otherwise terminated, any funds remaining in the Common Fund, which shall include all of the Settlement Fund with the exception of any of the Escrowed Funds as have already been expended for the fees and costs of the Settlement Administrator, shall be remitted by the Settlement Administrator to Emery. This provision will survive termination of this Agreement.

15. **Mutual Non-Disparagement:**

The Parties agree that the Class Representatives will not disparage Emery. Similarly, Emery will not disparage the Class Representatives.

16. **Release, Waiver, and Covenant Not to Sue:**

21

16.1    In consideration of the Settlement Benefits and other payments specified in this Agreement, and for other good and valuable consideration, the Class Representatives, all members of the Emery Class who do not timely exclude themselves from the Settlement, and the Class Counsel, and all of their respective heirs, executors, personal representatives, subrogees, successors, and assigns (together "the Releasors"), release, remise, resolve, waive, acquit, and forever discharge Emery, its predecessors, successors, assigns, parents, subsidiaries, affiliates, related entities, and all of their past and present agents, directors, officers, employees, shareholders, insurers, financial institution bond-issuers, representatives, and attorneys (together "the Releasees") of and from any and all the Released Claims (as defined below).

16.2    The term "Released Claims" means any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, including Unknown Claims (as defined below) as of the date of the Final Approval Order, that any of the Releasors have, had, and/or may have against any of the Releasees which in any way concern and/or relate to: (a) the matters alleged and claims asserted in the Litigation and/or claims that could have been alleged therein based on the facts alleged in the complaints filed in the Litigation; (b) Genuine Title's closing of and/or provision of settlement and/or title services on the loans brokered or originated by Emery that are the subject of the Settlement; (c) the origination of the loans that are the subject of the Settlement; (d) the Alleged Referral Scheme;

(e) any benefit(s), payment(s), and/or thing(s) of value received by Emery and/or its employees, agents, and/or representatives from Genuine Title and/or any of its related or affiliated entities; and (f) any benefit(s), payment(s), and/or thing(s) of value received by Genuine Title from Emery and/or its employees, agents, and/or representatives (collectively the "Released Claims"). The Parties shall request that this Release be included in the Final Order and Judgment entered in this case.

16.3 "Unknown Claims" means any Released Claims which the Class Representatives or any other Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims which, if known by him, her, or it might have affected his, her, or its decision(s) with respect to this Settlement. The Parties stipulate and agree that, upon the entry of the Final Judgment Order, the Class Representatives shall expressly waive, and each of the Class Members who have not opted out shall be deemed to have waived, and by operation of the judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Class Representatives acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement. The Class Representatives further acknowledge, and all Class Members shall be deemed by operation of the Final Judgment Order to have acknowledged, that they are aware that they may hereafter discover facts in addition to or

23

different from those which they now know or believe to be true with respect to the subject matters of the Released Claims, but that it is their intention upon the Effective Date, to have, fully, finally, and forever settled and released any and all claims within the scope of the Released Claims, whether known or unknown, suspected or unsuspected, contingent or noncontingent, whether or not concealed or hidden, which now exist, may hereafter exist or may heretofore have existed, without regard to the subsequent discovery or existence of such different or additional facts. All of the foregoing is the definition of "Unknown Claims."

16.4    The Class Representatives and the Emery Class members agree and covenant not to sue any of the Releasees with respect to any of the Released Claims, or otherwise to assist others in doing so, and agree to be forever barred from doing so, in any court of law or equity, or any other forum, except for claims related to disputes or enforcement of this Settlement Agreement.

16.5    Specifically excluded from this Release are any claims or causes of actions of any nature whatsoever by any member of the Emery Class who timely exclude themselves from the Settlement.

**17.    Miscellaneous:**

17.1    This Agreement, whether or not finally approved, or whether or not a final judgment is entered, and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law, or of any liability or wrongdoing by Emery, or of the truth of any of the claims or allegations made in connection with the Litigation. This provision shall survive the termination of this Agreement.

24

17.2    Emery shall be responsible for serving the requisite CAFA Notice within ten (10) days after the filing of the Motion for Preliminary Approval.

17.3    Class Counsel shall maintain in confidence and shall not produce to persons or entities who are not a party to this Agreement, personal, confidential, and financial information relating to the members of the Emery Class now or hereafter acquired by them absent a specific Court order requiring the production of information, after using their best efforts to resist the production thereof, and then only if such information is redacted to the extent feasible.  This obligation shall survive the termination of this Agreement.

17.4    The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement or the applicability of this Agreement.

17.5    This Agreement shall be governed by and interpreted according to the laws of the State of Ohio, without regard to its choice of law or conflict of laws principles, except as to federal law relating to class action settlements under Fed. R. Civ. P. 23(b)(3).

17.6    This Agreement constitutes the entire agreement among the Parties pertaining to the settlement of the action and supersedes any and all prior and contemporaneous undertakings in connection therewith.

17.7    This Agreement may be modified or amended only by a writing executed by Class Counsel and Emery, and approved by the Court.

17.8    This Agreement was drafted jointly by the Parties after arms-length negotiations. Neither Emery, nor the Class Representatives or Class Counsel, shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule

of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

17.9    Where this Agreement requires any party to provide notice or any other communication or document to any other party, such notice, communication, or document shall be provided by letter by overnight delivery and by e-mail to the following persons:

| If to Emery: | Michael Y. Kieval |
| --- | --- |
| | Weiner Brodsky Kider PC |
| | 1300 19th Street N.W., 5th Floor |
| | Washington, DC 20036 |
| | kieval@thewbkfirm.com |

| If to Class Counsel: | Michael Paul Smith |
| --- | --- |
| | Smith, Gildea & Schmidt, LLC |
| | 600 Washington Ave., Suite 200 |
| | Towson, MD 21204 |
| | mpsmith@sgs-law.com |

17.10    The Parties have carefully and fully read this Agreement and discussed it with their respective attorneys or have been given the opportunity to do so; they understand all terms and conditions of this Agreement; they accept and execute this Agreement as their own free and voluntary act, and with the intent and capacity to be legally bound.

17.11    This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Counsel for the Parties shall exchange among themselves signed counterparts. Signatures may be originals, or facsimile or scanned copies.

IN WITNESS WHEREOF, the parties have executed this Agreement as follows:

Date: October 14, 2017

Frank Palombaro

26

Date: 10/14/17      _Shelly Palombaro_
     Shelly Palombaro

Date: _____      _____
     Kevin McAlpin

Date: _____      _____
     Jennifer McAlpin

Date: _____      _____
     Gary Ratcliff

Date: _____      _____
     David Alvarado

Date: _____      _____
     Melinda Alvarado

SMITH, GILDEA & SCHMIDT, LLC

Date: 11/3/17      By: _____
     Michael Paul Smith, Authorized Member

JOSEPH GREENWALD & LAAKE, P.A.

Date: 11/3/17      By: _____
     Timothy F. Maloney, Authorized Principal

KEATING, MUETHING & KLEKAMP, PLL

Date: 11/3/17      By: x _____
     Gregory M. Utter, Authorized Member

Date: _____    _____
                            Shelly Palombaro

Date: _10/16/2017_         _____
                            Kevin McAlpin

Date: _10/16/2017_         _____
                            Jennifer McAlpin

Date: _____    _____
                            Gary Ratoliff

Date: _____    _____
                            David Alvarado

Date: _____    _____
                            Melinda Alvarado

                            SMITH, GILDEA & SCHMIDT, LLC

Date: _____    By:_____
                              Michael Paul Smith, Authorized Member

                            JOSEPH GREENWALD & LAAKE, P.A.

Date: _____    By:_____
                              Timothy F. Maloney, Authorized Principal

                            KEATING, MUETHING & KLEKAMP, PLL

Date: _____    By:_____
                              Gregory M. Utter, Authorized Member

27

Date: _____    _____
                                 Shelly Palombaro

Date: _____    _____
                                 Kevin McAlpin

Date: _____    _____
                                 Jennifer McAlpin

Date: *October 13, 2017*         *Gary Ratcliff*
                                 Gary Ratcliff

Date: _____    _____
                                 David Alvarado

Date: _____    _____
                                 Melinda Alvarado

                                 SMITH, GILDEA & SCHMIDT, LLC

Date: _____    By:_____
                                    Michael Paul Smith, Authorized Member

                                 JOSEPH GREENWALD & LAAKE, P.A.

Date: _____    By:_____
                                    Timothy F. Maloney, Authorized Principal

                                 KEATING, MUETHING & KLEKAMP, PLL

Date: _____    By:_____
                                    Gregory M. Utter, Authorized Member

27

Date: _____    _____
                                   Shelly Palombaro

Date: _____    _____
                                   Kevin McAlpin

Date: _____    _____
                                   Jennifer McAlpin

Date: _____    _____
                                   Gary Ratcliff

Date: 15 OCT 17                    _____
                                   David Alvarado

Date: 10-17-2017                   _____
                                   Melinda Alvarado


SMITH, GILDEA & SCHMIDT, LLC

Date: _____    By:_____
                                      Michael Paul Smith, Authorized Member


JOSEPH GREENWALD & LAAKE, P.A.

Date: _____    By:_____
                                      Timothy F. Maloney, Authorized Principal


KEATING, MUETHING & KLEKAMP, PLL

Date: _____    By:_____
                                      Gregory M. Utter, Authorized Member


27

EMERY FEDERAL CREDIT UNION

Date: 11/3/17

By: _____

Todd Cain, its CEO

28

## NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

**This Notice concerns a proposed class action settlement ("Settlement") in a lawsuit entitled *Palombaro v. Emery Federal Credit Union*, in the U.S. District Court for the Southern District of Ohio (the "Lawsuit"). If you were a borrower or co-borrower on a residential mortgage loan either originated or brokered by Emery Federal Credit Union ("Emery") that was closed by Genuine Title, LLC ("Genuine Title") between** January 1, 2009 **and** December 31, 2014**, you may be eligible for benefits under the Settlement.**

### <u>A FEDERAL COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.</u>

### <u>PLEASE READ THIS NOTICE CAREFULLY AS IT AFFECTS YOUR LEGAL RIGHTS.</u>

**What is the Lawsuit about?** The Plaintiffs in this Lawsuit allege that between January 1, 2009, and December 31, 2014, Genuine Title provided certain unlawful benefits to Emery's employees and/or agents for their agreement to refer borrowers to Genuine Title for the settlement of their Emery residential mortgage loans. Emery disputes the allegations in the Lawsuit and denies that it is or may be liable for any of the claims asserted or for the conduct of those employees and/or agents who allegedly accepted benefits from Genuine Title. *The Court has not made any judgment or other determination of Emery's liability in the Lawsuit.*

**Why did I get this Notice?** You received this Notice because a Class Action Settlement has been reached in the Lawsuit and because Emery's and/or Genuine Title's records show that you are a potential member of the Emery Class described below. This Notice is intended to describe generally the nature of the Lawsuit, the general terms of the proposed Settlement, and your legal rights and obligations.

**Who is part of the Emery Class?** The Emery Class includes all individuals in the United States who were borrowers on a federally related mortgage loan (as defined under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2602) originated or brokered by Emery for which Genuine Title provided a settlement service, as identified on the borrower's HUD-1, between January 1, 2009, and December 31, 2014. Exempted from this class is any person who, during the period of January 1, 2009, through December 31, 2014, was an employee, officer, and/or agent of Defendant Emery Federal Credit Union, Genuine Title LLC, Brandon Glickstein, Inc., Competitive Advantage Media Group LLC, and/or Dog Days Marketing, LLC.

**You are receiving this notice because you are believed to be a potential member of the Emery Class. You do <u>NOT</u> need to submit a claim to receive settlement benefits under the Settlement.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | |
|---|---|---|
| **EMERY CLASS MEMBERS NEED NOT MAKE A CLAIM** | If the Court gives final approval to the Settlement and after all potential appeals are exhausted, members of the Emery Class will be eligible to receive the Settlement Benefits described below without submitting a claim. | Anticipated payment date: Ten (10) days after the Settlement becomes final and any appeals are exhausted |
| **IF YOU WISH TO BE EXCLUDED FROM THE SETTLEMENT, YOU MUST MAIL A REQUEST FOR EXCLUSION BY NO LATER THAN _____, 2017** | This is the only option that allows you to retain your rights to independently sue Emery about the claims in this Lawsuit. In order to exclude yourself from the Settlement, you must follow the procedure described below and mail your Request for Exclusion to the Settlement Administrator at _____. | The Exclusion Deadline for Requests for Exclusion to be mailed to the Settlement Administrator: _____, 2017 |



| | | |
|---|---|---|
| **IF YOU WISH TO OBJECT TO THE SETTLEMENT, YOU MUST FILE YOUR WRITTEN OBJECTION WITH THE COURT BY NO LATER THAN _____, 2017** | You may write to the Court about why you object to (i.e., don't like) the Settlement and think it should not be approved. You must follow the procedure described below for objecting to the Settlement and file your written objection with the Court at Clerk's Office, U.S. District Court for the Southern District of Ohio, 100 East Fifth Street, Cincinnati, OH 45202. You must also mail copies of your written objection to Class Counsel and Emery's Counsel. The address for Class Counsel is: Michael Paul Smith, Smith, Gildea & Schmidt, LLC, 600 Washington Avenue, Ste. 200, Towson, MD 21204. The address for Emery's Counsel is: Michael Kieval, Wiener Brodsky Kider, PC, 1300 19th Street, NW, 5th Floor, Washington, DC 20036. If you exclude yourself from the settlement, you may not object to the settlement because you will no longer be bound by it. | The Objection Deadline for the Filing of Objections with the Court: <br><br> _____, 2017 |
| **IF YOU WISH TO ATTEND THE "FINAL FAIRNESS HEARING" ON THE SETTLEMENT** | The Court will hold a "Final Fairness Hearing" to consider the Settlement, Class Counsel's request for attorneys' fees and expenses, and the Class Representatives' request for service awards. If you do not exclude yourself from the settlement, you may, but are not required to, speak at the Final Fairness Hearing if you have filed a timely written objection with the Court. If you intend to speak at the Final Fairness Hearing, you must include your intention to do so in your written objection. | Scheduled Date and Location of Final Fairness Hearing: _____, 2017 <br><br> In Courtroom ____ of the U.S. District Court for the Southern District of Ohio, 100 East Fifth Street, Cincinnati, OH 45202. |
| **IF YOU DO NOTHING AND ARE A MEMBER OF THE EMERY CLASS** | If you do not timely exclude yourself from the Settlement and the Court gives final approval to the Settlement at or after the Final Fairness Hearing, you will *not* be able to sue Emery for the Released Claims under the Settlement, but you will still be eligible to receive the Settlement Benefits described below. | |

These Rights and Options are explained in more detail below.

If you have questions concerning the Settlement, you may contact Class Counsel for the Emery Class at (410) 821-6705 or mps@sgs-law.com. You may also obtain more information about the Settlement, including a copy of the Settlement Agreement and the Motions and Court Orders relating thereto, through the Settlement Administrator's website at www._____.com.

The Court has preliminarily approved the Settlement and will decide later whether to give final approval to the Settlement. The relief provided to Emery Class members will be provided only if the Court gives final approval to the Settlement and after any appeals are resolved in favor of the Settlement. **Please be patient**.

You can also access the filings in the Lawsuit through the Court's public access service known as PACER that allows users to obtain case and docket information online through the PACER Case Locator at https://www.pacer.gov/.

**PLEASE DO NOT CALL THE COURT FOR INFORMATION ABOUT THE SETTLEMENT.**

**1.     What is this Lawsuit about?**

The Plaintiffs in the Lawsuit allege that certain former Emery employees referred business to Genuine Title in exchange for money and other things of value, which the Plaintiffs contend violated federal law. Emery disputes the allegations in the Lawsuit and denies that it is or may be liable for the conduct of those persons who allegedly accepted benefits from Genuine Title. Emery has agreed to the Settlement solely to avoid the further expense and inconvenience of further proceedings in the Lawsuit, and does so without any admission of wrongdoing or liability. *The Court has not made any judgment or other determination of Emery's liability in the Lawsuit.*

**2.     What is a class action?**

In a class action lawsuit, one or more people called Plaintiffs sue on behalf of others who may have similar claims. A court can certify a class for purposes of settling claims in a lawsuit. That is what has happened in the Lawsuit.

**3.     Why is there a Settlement?**

To avoid the costs and uncertainties of the Lawsuit, the Plaintiffs, their attorneys, and Emery have agreed to resolve the disputed claims involving Emery in the Lawsuit through a settlement. The Settlement allows for the Emery Class members to receive relief through the benefits provided under the Settlement and described in Section 5 of this notice (once the Settlement becomes final), rather than years from now, if ever, since it is unknown whether the Plaintiffs would succeed in the Lawsuit. In granting preliminary approval to the Settlement, the Court has preliminarily determined that the Settlement is fair and reasonable.

**4.     How do I know if I am part of the Settlement?**

The Court has decided that everyone who fits this description is an Emery Class member:

> All individuals in the United States who were borrowers on a federally related mortgage loan (as defined under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2602) originated or brokered by Emery for which Genuine Title provided a settlement service, as identified on the borrower's HUD-1, between January 1, 2009, and December 31, 2014. Exempted from this class is any person who, during the period of January 1, 2009, through December 31, 2014, was an employee, officer, and/or agent of Defendant Emery Federal Credit Union, Genuine Title LLC, Brandon Glickstein, Inc., Competitive Advantage Media Group LLC, and/or Dog Days Marketing, LLC.

**5.     What relief does the Settlement provide to the Emery Class members?**

The Settlement provides for the following Settlement Benefits:

> Each of these class members shall receive a proportionate share of the Common Fund remaining after deduction of any awards of attorneys' fees, costs, expenses, and Service awards. The formula for distribution shall be the Common Fund less any awards of attorneys' fees, costs, expenses, and Service Awards, divided by the number of members of the Emery Class who did not file a complete and valid Request for Exclusion by the Exclusion Deadline.

The Settlement Benefits described above will be funded by Emery through a fund (the "Common Fund") administered by a Court-appointed Settlement Administrator. The Settlement Fund totals $9,000,000.00.

Any amount remaining in the Common Fund after the payment of benefits will be paid to Habitat for Humanity International or another charitable organization to be approved by the Court. The payment of Settlement Benefits is predicated upon the Settlement receiving final approval, and such approval being upheld on appeal (if any are filed).

**6.     Who represents the Emery Class in the Lawsuit?**

The Emery Class is represented by Court-approved Class Representatives, who are Plaintiffs in the Lawsuit. The appointed Emery Class Representatives are: Frank and Shelly Palombaro, Kevin and Jennifer McAlpin, Gary Ratcliff, and David and Melinda Alvarado.

The Court has also appointed the Plaintiffs' Counsel to serve as Class Counsel for the Emery Class. Class Counsel for the Emery Class are: Michael Paul Smith and Melissa L. English of the law firm Smith, Gildea & Schmidt, LLC, Timothy F. Maloney and Veronica B. Nannis of the law firm Joseph Greenwald & Laake, P.A., and Gregory M. Utter of the law firm Keating Muething & Klekamp, PLL.

Class counsel may be contacted as follows:

By telephone to: (410) 821-6705          By email to: mps@sgs-law.com

By mail to: Michael Paul Smith, Smith, Gildea & Schmidt, LLC, 600 Washington Avenue, Ste. 200, Towson, MD 21204.

If you want to be represented by your own lawyer, you may hire one at your own expense.

**7.     Will the Class Representatives receive any compensation for their efforts in bringing this Lawsuit?**

The Class Representatives will request a service award of up to $5,000 each for their service as Class Representatives and their efforts in bringing the Lawsuit. The Court will make the final decision as to the amount to be paid to the Class Representatives at or after the Final Fairness Hearing.

**8.     How will Class Counsel be paid?**

Class Counsel will ask the Court to give final approval of the Settlement at the Final Fairness Hearing, and will also ask the Court for an award of attorneys' fees, costs, and expenses up to a maximum of 30% of the Settlement Benefits. The Court will make the final decision as to the amounts to be paid to Class Counsel at or after the Final Fairness Hearing.

**9.     How do I get paid Settlement Benefits under the Settlement?**

*If you are a member of the Emery Class and do not timely exclude yourself from the Settlement,* you (and your co-borrower(s), if any) will be paid the Settlement Benefit described in Section 5 above by the Settlement Administrator from the Common Fund approximately 10 days after the Settlement obtains final approval and the approval of the Settlement is upheld on appeal (if any appeals are filed).

**10.     What do Emery Class members give up to obtain relief under the Settlement?**

If the Settlement receives final approval, the Court will enter a Final Approval Order and Judgment Order dismissing the Lawsuit "with prejudice" (i.e., meaning that it cannot be filed again).

Upon the entry of the Final Approval Order and Judgment Order, the Settlement provides that the Class Representatives, and all members of the Emery Class who do not timely exclude themselves from the Settlement, and the Class Counsel, and all of their respective heirs, executors, personal representatives, successors, and assigns (together "the Releasors"), release, remise, resolve, waive, acquit, and forever discharge Emery, its predecessors, successors, assigns, parents, subsidiaries, affiliates, related entities, and all of their past and present agents, directors, officers, employees, shareholders, insurers, financial institution bond-issuers, representatives, and attorneys (together "the Releasees") of and from any and all the Released Claims (as defined below).

The term "Released Claims" means any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, including Unknown Claims (as defined below), as of the date of the Final Approval Order, that any of the Releasors have, had, and/or may have against any of the Releasees which in any way concern and/or relate to: (a) the matters

alleged and claims asserted in the Litigation and/or claims that could have been alleged therein based on the facts alleged in the complaints filed in the Litigation; (b) Genuine Title's closing of and/or provision of settlement and/or title services on the loans brokered or originated by Emery that are the subject of the Settlement; (c) the origination of the loans that are the subject of the Settlement; (d) the Alleged Referral Scheme; (e) any benefit(s), payment(s), and/or thing(s) of value received by Emery and/or its employees, agents, and/or representatives from Genuine Title and/or any of its related or affiliated entities; and (f) any benefit(s), payment(s), and/or thing(s) of value received by Genuine Title from Emery and/or its employees, agents, and/or representatives (collectively the "Released Claims"). The Parties shall request that this Release be included in the Final Order and Judgment entered in this case.

"Unknown Claims" means any Released Claims which the Class Representatives or any other Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims which, if known by him, her, or it might have affected his, her, or its decision(s) with respect to this Settlement. The Parties stipulate and agree that, upon the entry of the Final Judgment Order, the Class Representatives shall expressly waive, and each of the Class Members who have not opted out shall be deemed to have waived, and by operation of the judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Class Representatives acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement. The Class Representatives further acknowledge, and all Class Members shall be deemed by operation of the Final Judgment Order to have acknowledged, that they are aware that they may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matters of the Released Claims, but that it is their intention upon the Effective Date, to have, fully, finally, and forever settled and released any and all claims within the scope of the Released Claims, whether known or unknown, suspected or unsuspected, contingent or noncontingent, whether or not concealed or hidden, which now exist, may hereafter exist or may heretofore have existed, without regard to the subsequent discovery or existence of such different or additional facts. All of the foregoing is the definition of "Unknown Claims."

Unless you exclude yourself from the Settlement, you will remain in the Emery Class, and that means that upon final approval of the Settlement you will not be able to sue any of the Releasees with respect to any of the Released Claims, or otherwise to assist others in doing so, and will be forever barred from doing so, in any court of law or equity, or any other forum. It also means that all of the Court's orders will apply to you and legally bind you.

If you exclude yourself from the Emery Class, you will retain the right to bring a claim against Emery relating to the Released Claims, but you will not have representation provided for you through this Lawsuit, and you will be responsible for hiring your own attorney, at your own expense.

| 11. | How do Emery Class members exclude themselves from the Settlement? |
|---|---|

Any member of the Emery Class shall have the right to opt-out or exclude themselves from the Emery Class by sending a written Request for Exclusion from the Emery Class to the Settlement Administrator at the following address:

[ADDRESS]

Requests for exclusion must be mailed to the Settlement Administrator in a post-marked envelope no later than the Exclusion Deadline of _____, 2017 and must be signed by the person requesting exclusion from the Emery Class and any co-borrower(s) on their Emery mortgage loan. Requests for Exclusion must also include the requestor's full name and current address, the full name and current address of any co-borrower(s) on their Emery mortgage loan, the address of the property which secured their Emery mortgage loan, and an affirmation, under penalty of perjury, that the requestor seeking to be excluded from the Emery Class and their co-borrower(s), if any, also wish to opt-out of the Emery Class and understand that, in doing so, they will not be entitled to any Settlement Benefits under the Settlement.

If you submit a timely and valid Request for Exclusion from the Emery Class, you will not be a part of the Settlement, will not be eligible to receive Settlement Benefits, will not be bound by the Final Approval Order and Judgment Order entered in the Lawsuit, and will not be precluded from suing on the Released Claims at your own cost.

| 12. | How do I tell the Court that I object to (i.e., do not like) the Settlement? |

At the date, time, and location stated below, the Court will hold a Final Fairness Hearing to determine if the Settlement is fair, reasonable, and adequate, and to also consider Class Counsel's request for an award of attorneys' fees, costs, and expenses, and service awards to the Class Representatives.

If you have not submitted a timely and valid exclusion request and wish to object to the Settlement, you must file with or mail to the U.S. District Court for the Southern District of Ohio, 100 East Fifth Street, Cincinnati, OH 45202, and also mail to Class Counsel at Michael Paul Smith, Smith, Gildea & Schmidt, LLC, 600 Washington Avenue, Ste. 200, Towson, MD 21204 and to Emery's counsel, Michael Kieval, Weiner Brodsky Kider PC, 1300 19th Street, NW, 5th Floor, Washington, DC 20036, a written objection ("Objection") by the Objection Deadline of _____, 2017 that complies with the following requirements. All Objections must be signed by the person(s) making the Objection, or an attorney or legal guardian authorized to act on their behalf, and must set forth in detail each component of the Settlement to which they object, the reasons for each such objection, and any legal authority that they wish the Court to consider in support thereof. Objections must also include the objector's full name and current address, the full name and current address of any co-borrower(s) on their Emery mortgage loan, the address of the property which secured their Emery mortgage loan, and an affirmation, under penalty of perjury, that the person on whose behalf the Objection is filed and their co-borrower(s), if any, object to the Settlement. The Objection must also state whether the Emery Class member(s) intend(s) to appear at the Final Fairness Hearing, at which time their objections will be considered, if not previously withdrawn.

You may, but need not, submit your written Objection through an attorney of your choice. If you do make your Objection through an attorney, you will be responsible for your own attorney's fees and costs. Objections filed by attorneys registered for e-filing with this Court on behalf of Emery Class members must be filed through the Court's electronic court filing ("ECF") system. An objection filed with the Court via ECF may redact the objector's telephone number or email address, so long as the unredacted version is mailed to both Class Counsel and Emery's Counsel.

**IF YOU DO NOT TIMELY AND PROPERLY MAKE YOUR OBJECTION, YOU WILL BE DEEMED TO HAVE WAIVED ALL OBJECTIONS TO THE SETTLEMENT AND WILL NOT BE ENTITLED TO SPEAK AT THE FINAL FAIRNESS HEARING.**

You are not required to appear at the Final Fairness Hearing. But, if you file and mail a timely objection that complies with this paragraph, you may appear at the Final Fairness Hearing, either in person or through an attorney of your own choice hired at your expense, to object to the fairness, reasonableness, or adequacy of the Settlement, to the award of attorneys' fees, expenses, and costs, or to the service awards to the Class Representatives.

**If you and/or your attorney intends to appear at the Final Fairness Hearing, you must state in your written objection that you and/or your attorney intend to appear and speak at the Final Fairness Hearing.**

| 13. | What is the difference between excluding myself and objecting to the Settlement? |

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Emery Class. Excluding yourself is telling the Court that you don't want to be part of the Emery Class. If you timely exclude yourself, you have no basis to object because the Settlement will no longer affect you.

| 14. | When and where will the Final Fairness Hearing occur? |

The Court has preliminarily approved the Settlement and will hold a hearing to decide whether to give final approval to the Settlement. The purpose of the Final Fairness Hearing will be for the Court to determine whether the Settlement should be approved as fair, reasonable, adequate, and in the best interests of the Emery Class, to consider the award of attorneys' fees, costs, and expenses to Class Counsel, and to consider the request for Service Awards to the Class Representatives.

The Final Fairness Hearing will take place at _____ _.m. on _____, 2017 in Courtroom _____ of the Potter Stewart U.S. Courthouse, 100 East Fifth Street, Cincinnati, OH 45202. The hearing may be postponed to a different date or time or location as may be reflected on the online docket for the Lawsuit accessible through PACER. Please check the Settlement Administrator's website at www._____ _____.com for updates about the Settlement in general and the Final Fairness Hearing specifically.

At that hearing, the Court will consider objections concerning the fairness of the Settlement. You may attend, but you do not have to. As described above in Section 12 of this Notice, you may speak at the Final Fairness Hearing only if: (a) you have timely filed your written objection with the Court and timely mailed your written objection to Class Counsel and Emery's Counsel; and (b) followed the procedures set forth above for notifying the Court and the parties that you intend to speak at the Final Fairness Hearing. If you have requested exclusion from the Settlement, however, you may not speak at the Final Fairness Hearing.

### GETTING MORE INFORMATION & UPDATED INFORMATION ABOUT THE SETTLEMENT

To obtain a copy of the Settlement Agreement (which defines capitalized terms used in this notice and provides a brief summary of what has happened in the Lawsuit), the Court's Preliminary Approval Order, Class Counsel's application for attorneys' fees, costs, and expenses, and the operative complaint filed in the Lawsuit, please visit the Settlement Administrator's website at www._____.com.

The above-provided description of the Lawsuit is general and does not cover all of the issues and proceedings that have occurred in the Lawsuit. The written Settlement Agreement sets forth the full and controlling terms and conditions of the Settlement, and for the full details of the Settlement, you should read the Settlement Agreement. In order to see the complete file for the Lawsuit, you may access it online through the PACER system at http://pacer.psc.uscourts.gov/. You may also contact Class Counsel by calling (410) 821-6705 or emailing mps@sgs-law.com.

**DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT TO EMERY'S COUNSEL OR THE COURT.**

Dated: _____          By:          Order of the U.S. District Court
                                               For the Southern District of Ohio
                                               THE HONORABLE SUSAN J. DLOTT,
                                               U.S. DISTRICT COURT JUDGE