IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
CINCINNATI DIVISION

| | |
|---|---|
| FRANK A. AND SHELLY PALOMBARO, JR., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> EMERY FEDERAL CREDIT UNION, <br><br> Defendant. | CASE NO. 1:15-cv-792-SJD <br><br> Judge Susan J. Dlott <br> Magistrate Judge Karen L. Litkovitz |

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

UPON CONSIDERATION of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, Dkt. #341 (the "Motion") filed herein by the Plaintiffs, Frank and Shelly Palombaro, Kevin and Jennifer McAlpin, Gary Ratcliff, and David and Melinda Alvarado, it is hereby ORDERED that:

1.  The Motion is GRANTED.

2.  The Court preliminarily finds, pursuant to Fed. R. Civ. P. 23(e), that the settlement reflected in the Class Action Settlement Agreement dated as of November 3, 2017 (the "Settlement" or "Settlement Agreement") and filed as ECF Dkt. #341-2 constitutes a fair, reasonable, and adequate settlement of disputed and complex claims between Plaintiffs and Emery Federal Credit Union ("Emery").

3.  Pursuant to Fed. R. Civ. P. 23(c)(1)(C), the Court further finds that the definition of the class of borrowers certified by the Court in its Order dated August 10, 2017 (ECF Dkt.

1

#338) requires clerical modification as follows:

> All individuals in the United States who were borrowers on a federally related mortgage loan (as defined under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2602) originated or brokered by Emery for which Genuine Title provided a settlement service, as identified on the borrower's HUD-1, between January 1, 2009, and December 31, 2014. Exempted from this class is any person who, during the period of January 1, 2009, through December 31, 2014, was an employee, officer and/or agent of Defendant Emery Federal Credit Union, Genuine Title LLC, Brandon Glickstein, Inc., Competitive Advantage Media Group LLC, and/or Dog Days Marketing, LLC.

(hereinafter the "Emery Class").

4. The Court finds that the clerical amendments to the class definition do not alter the Emery Class or its members, and therefore, the Emery Class continues to satisfy the requirements of Rule 23 as addressed in the Court's August 10, 2017 Order (ECF Dkt. #338).

5. Frank and Shelly Palombaro, Kevin and Jennifer McAlpin, Gary Ratcliff, and David and Melinda Alvarado are hereby designated as Class Representatives for the Emery Class.

6. Plaintiffs' counsel, Michael Paul Smith and Melissa L. English of the law firm Smith, Gildea, and Schmidt, LLC, Timothy J. Maloney and Veronica Nannis of the law firm Joseph, Greenwald and Laake, P.A., and Gregory M. Utter and Melissa Schaub of the law firm Keating, Muething & Klekamp, PLL are hereby designated as Class Counsel for the Emery Class with Mr. Smith designated as lead counsel for the Emery Class.

7. The Court finds that the Settlement was reached through an arms-length negotiation after due investigation and discovery by the Plaintiffs' counsel, and that the Settlement provides significant benefits for the Emery Class as described in Sections 6 and 7 of the Settlement Agreement.

8. Kurtzman Carson Consultants, LLC ("KCC") is hereby designated as Settlement Administrator for the Settlement. The Settlement Administrator shall undertake those duties as are defined in Section 10 of the Settlement Agreement, including the administration of the Settlement including the Notice Plan, the payment of Settlement Benefits from the Common Fund, and the preparation of required reports. The Settlement Administrator will be retained by Plaintiffs and paid from the Common Fund.

9. The Court finds that the Notice Plan proposed by the parties in Section 11 of the Settlement Agreement, which requires that a Notice be sent to each Emery Class member's last known address as reflected in the parties' records, constitutes the best practicable notice of the proposed Settlement and is thus approved by the Court under Fed. R. Civ. P. 23(e).

10. The Court hereby approves the proposed Notice for mailing to members of the Emery Class that is filed as ECF Dkt. #343, with the instruction that the Settlement Administrator insert the Objection Deadline, Exclusion Deadline, and date and location of the Final Fairness Hearing as specified therein and as established in Paragraphs 19 and 23 of this Order.

11. Members of the Emery Class shall have the right to opt-out of the Emery Class, as provided for in Section 9 of the Settlement Agreement, by sending a written Request for Exclusion to the Settlement Administrator no later than the Exclusion Deadline defined in this Order. Requests for Exclusion must be signed by the person requesting exclusion from the Emery Class and any co-borrower(s) on their Emery loan, and must include the requestor's full name and current address, the full name and current address of any co-borrower(s) on their Emery loan, the address of the property which secured their Emery loan, and an affirmation, under penalty of perjury, that the requestor seeking to be excluded from the Emery Class and

3

their co-borrower(s), if any, wish to opt-out of the Emery Class and understand that, in doing so, they will not be entitled to any Settlement Benefits under the Settlement.

12. A person who submits a valid and timely Request for Exclusion shall not be bound by the Settlement Agreement, or any Final Approval Order and Final Judgment Order relating thereto. Such persons also will not be entitled to receive any Settlement Benefits under the Settlement Agreement.

13. Any Emery Class member who does not properly and timely submit a Request for Exclusion shall be automatically included in the Emery Class and shall be bound by all the terms and provisions of the Settlement Agreement, the Settlement, this Order Granting Preliminary Approval of Settlement, and any Final Approval Order and Final Judgment Order, whether or not such Emery Class member received actual notice or objected to the Settlement.

14. The Settlement Administrator shall prepare and deliver to the Settling Parties' counsel a report stating the total number of persons who submitted timely and valid Requests for Exclusion from the Emery Class and the names of such persons (the "Exclusion Report"), which shall be filed by Class Counsel with the Court, as provided by this Order.

15. If more than five percent (5%) of the members of the Emery Class submit complete and valid Requests for Exclusion, Emery shall have the option to withdraw from the Settlement upon written notice to the Court, filed up to thirty (30) days after the Exclusion Deadline, as provided for in Section 3.5(a) of the Settlement Agreement.

16. Emery Class members who do not request to be excluded from the Emery Class may object to the Settlement as provided for in Section 8 of the Settlement Agreement. Emery Class members who choose to object to the Settlement must file written Objections to the Settlement with the Court and serve copies of any such objections on counsel for Settling Parties

4

by not later than the Objection Deadline established in this Order. All Objections must contain a caption that includes the name of this case as follows: *Palombaro v. Emery Federal Credit Union*, Case No. 1:15-cv-00792-SJD, and must be signed by the person(s) making the objection, or an attorney or legal guardian authorized to act on their behalf, and must set forth in detail each component of the Settlement to which they object, the reasons for each such objection, and any legal authority that they wish the Court to consider in support thereof. Objections must also include the objector's full name and current address, the full name and current address of any co-borrower(s) on their Emery loan, the address of the property which secured their Emery loan, and an affirmation, under penalty of perjury, that the person on whose behalf the objection is filed and their co-borrower(s), if any, object to the Settlement and intend to appear at the Final Fairness Hearing, individually or through counsel, at which time their Objections will be considered, if not previously withdrawn.

17. Any Emery Class members who do not file a timely and adequate Objection in accordance with this Order waive the right to object or to be heard at Final Fairness Hearing, and shall be forever barred from making any objection to the Settlement.

18. Those Emery Class members who do not submit timely and valid Requests for Exclusion by the Exclusion Deadline are hereby preliminarily enjoined from filing suit or asserting any claims, demands, and/or counterclaims with respect to matters released in Section 16 of the Settlement Agreement from the date of this Order until the entry of an Order by this Court granting Final Approval to the Settlement or Emery's withdrawal from the Settlement pursuant to Paragraph 15 of this Order, whichever first occurs.

19. A Final Fairness Hearing on the Settlement will be held before this Court in Courtroom 7 at the United States District Court for the Southern District of Ohio, 100 East Fifth

Street, Cincinnati, OH 45202, on a date which is at least 100 days after the filing of the Motion for Preliminary Approval, to wit July 10, 2018 at 10:00 a.m., or such other later date or other location as may be set by the Court and reflected on the online Docket for this case.

20. At the Final Fairness Hearing, the Court will consider, *inter alia*, the following: (a) any timely objections to the fairness, reasonableness, and adequacy of the Settlement; (b) the dismissal with prejudice of this action; (c) whether Class Counsel's petition for attorneys' fees and expenses should be granted and any objections or opposition thereto; (d) whether the Class Representatives' petition for service awards should be granted and any objections or opposition thereto; (e) whether to grant final approval to the Settlement and to the release of claims as set forth in Section 16 of the Settlement Agreement; (f) whether to permanently enjoin all Emery Class members who have not submitted timely and valid Requests for Exclusion from filing suit or asserting any claims, demands, and/or counterclaims with respect to matters released in Section 16 of the Settlement Agreement; and (g) whether the Court should enter an order expressly determining that there is no just reason for delay and expressly directing that any judgment by the Court approving the Settlement should be deemed a final judgment under Fed. R. Civ. P. 54(b) with respect to all Released Claims as defined in Section 16 of the Settlement Agreement.

21. In the event that the Settlement does not receive Final Approval or the order of the Court approving the Settlement does not reach Finality, the Settlement shall terminate and be deemed null and void, and shall be without prejudice to the rights of the Settling Parties, who shall be restored to their respective positions and retain all of their rights and defenses existing as of the Settlement Date, as provided for in Section 14 of the Settlement Agreement.

22. Counsel for the parties are directed to maintain in confidence and shall not produce to any persons or entities who are not a party to the Settlement (other the Settlement Administrator), any personal, confidential, or financial information relating to the members of the Emery Class now or hereafter acquired by them in connection with the Settlement negotiations, during pre-settlement discovery, or in the process of effectuating the Settlement, absent a specific Court issued order requiring the production of information, and then only if such information is redacted to the extent feasible.

23. The following dates and deadlines are established by the Court in connection with the Settlement, which may be modified by the Court for good cause:

- Deadline for Completion of the Notice Plan: 20 days from the date of this Order;

- Deadline for Requests for Exclusion: 60 days from the date of the Notice attached to the Settlement Agreement as Exhibit A;

- Deadline for the filing of Objections: 60 days from the date of the Notice attached to the Settlement Agreement as Exhibit A;

- Deadline for Plaintiffs to file the Settlement Administrator's Exclusion Report: 75 days from the date of the Notice attached to the Settlement Agreement as Exhibit A;

- Deadline for Plaintiffs to file the Settlement Administrator's Declaration of compliance with the Notice Plan: 75 days from the date of the Notice;

- Deadline for Plaintiffs to file a Petition for Class Counsel's Fees and Costs: no later than 60 days prior to the Final Fairness Hearing;

- Deadline for Plaintiffs to file a Petition for Class Representatives' Service Awards: no later than 60 days prior to the Final Fairness Hearing;

- Deadline for the filing of any Opposition(s) to the Petition for Class Counsel's Fees and Costs and the Petition for Class Representatives' Service Awards (together, the "Petitions"): 14 days after the filing of the Petitions;

- Deadline for Plaintiffs to file any Replies to the Petitions: 14 days after the filing of any Opposition(s) to the Petition(s);

- Deadline for Plaintiffs to file a Motion Seeking Final Approval of Settlement: not less than 30 days prior to the Final Fairness Hearing; and

- Deadline for Emery to file a Declaration of compliance with the notice requirements in the Class Action Fairness Act, 28 U.S.C. § 1715: not less than 14 days prior to the Final Fairness Hearing.

**IT IS SO ORDERED.**

Judge Susan J. Dlott
United States District Court