UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
CINCINNATI DIVISION

| | |
|---|---|
| FRANK A. AND SHELLY PALOMBARO, JR., *et al.*, | : : : : |
| Plaintiffs, | : CASE NO. 1:15-cv-792-SJD : : Judge Susan J. Dlott : Magistrate Judge Karen L. Litkovitz |
| v. | : : |
| EMERY FEDERAL CREDIT UNION, | : : |
| Defendant. | : : : |

**EMERY FEDERAL CREDIT UNION'S RESPONSE TO
<u>CLASS COUNSEL'S PETITION FOR ATTORNEYS' FEES AND
EXPENSES AND FOR CLASS REPRESENTATIVE SERVICE AWARDS</u>**

Defendant Emery Federal Credit Union ("Emery") respectfully submits this response to Docket Number 350, which was styled as Class Counsel's and Class Representatives' Unopposed Petition for Attorneys' Fees and Expenses and for Class Representatives' Service Awards for Emery Federal Credit Union Settlement (the "Petition").

**<u>Introduction</u>**

Although the Petition is styled as "unopposed," Class Counsel did not confer with Emery prior to filing the Petition. Pursuant to the Class Action Settlement Agreement (Dkt. No. 341-2), to which the Court gave preliminary approval on January 25, 2018 (Dkt. No. 344), Emery agreed "not to object to Class Counsels' Motion for Fees and Expenses so long as the Motion for Fees and Expenses is consistent with" Section 13 of the Settlement Agreement, which limits attorneys' fees to "not more than thirty percent

(30%) of the Settlement Fund, plus costs and expenses actually incurred," and provides that all attorneys' fees, costs and expenses "shall come from the Common Fund . . ." (Dkt. No. 341-2 at 22, PAGEID 12076.)

Accordingly, since Class Counsel are seeking the full 30% of the Common Fund as attorneys' fees, as well as expenses that they represent were actually incurred and class representative service awards, all to be paid out of the Common Fund, Emery does not object to the relief requested in the Petition.

Emery does object, however, to certain gratuitous and incorrect assertions in the Petition, as well as to Plaintiffs' decision to reveal part of the confidential settlement negotiations in a footnote to the Petition, as set forth in more detail below.

Counsel for Emery attempted to work with Class Counsel to resolve these issues and suggested the filing of a corrected Petition, but Class Counsel declined to do so. Accordingly, to make clear that those assertions are unsupported and incorrect, Emery respectfully submits this Response.

## Class Counsel's Gratuitous Assertions

Class Counsel makes a number of unsupported factual assertions, both about the underlying merits of the Action, as well as about the procedural history of the litigation. The assertions are not supported by any evidence or citation—not even a declaration from counsel—and Emery will not address every misstatement here because Emery does not believe that most of the allegations are in any way relevant to the Petition.

There are two assertions, however, which Emery feels obligated to correct. In particular, Class Counsel falsely allege that "Emery leveraged the closure of its mortgage division in 2014 to stonewall discovery and claim, until intervention by the Court, that it

no longer had records related to the time period." (Petition at 2, PAGEID12150). Unsurprisingly, Class Counsel provide no citation whatsoever in support of that inflammatory allegation.[1]

Contrary to Class Counsel's allegation, Emery never claimed that "it no longer had records related to the time period" in question. Moreover, Magistrate Judge Litkovitz's assistance in resolving discovery disputes (which were raised by both sides) never had any impact on what documents Emery had in its possession, custody or control. Emery worked hard not only to comply with its discovery obligations, but to reach reasonable compromises with Plaintiffs in order to keep the litigation moving. Class Counsel's assertion to the contrary is incorrect.

Class Counsel is also incorrect to assert that Emery was "gambl[ing]" when it filed its successful motion to transfer the Action to Cincinnati, where Emery is based (and the contractually-required venue), or when Emery opposed Plaintiffs' motion for class certification. Dkt. No. 350 at 10, PAGEID12150.

A number of Class Counsel's other assertions (also unsupported by citations to any evidence), about the specifics of the alleged kickback scheme, are also mistaken.

---

[1] It is true that there were some discovery disputes, but they were not the result of any "stonewall[ing]" on the part of Emery. In fact, it was Emery that was ultimately forced to file a motion to compel (Dkt. No. 273), which was granted in part (Dkt. No. 285). The discovery disputes brought by Plaintiffs arose primarily from Plaintiffs having waited for four months to begin taking discovery, which they did approximately two months before the pre-certification discovery period was set to end, and their failure to object to the search terms that Emery provided in its discovery objections and responses. After the end of that discovery period, Plaintiffs sought to drastically expand the list of email custodians whose emails were searched, as well as the search terms that were used. The discovery period was extended (over Emery's objection), and Emery worked with Plaintiffs, with the assistance of Magistrate Judge Litkovitz, to agree to additional searches and custodians (to which Emery would likely have agreed initially if Plaintiffs had suggested them before the end of the discovery period). Other disputes related to extremely burdensome loan-level document requests and concerns over the privacy of non-party consumers, and were ultimately resolved by the Parties' agreement that loan-level documents would be produced for 5% of the loans in question, and the execution of a Stipulation Concerning Protection of Non-Party Borrower Information (Dkt. No. 256).

Since those assertions are irrelevant to the Petition, however, in the interests of judicial economy Emery does not address them here.

## Settlement Discussions Are Confidential

In footnote 2 (Petition at 13, PAGEID12153), Class Counsel revealed details of the Parties' confidential settlement discussions. Emery objects to Plaintiffs' reference to confidential settlement communications, and requests that the Court not draw any conclusions about any aspect of the settlement discussions, including those occurring before and/or after the mediation, based upon the incomplete information that was improperly submitted. *See Goodyear Tire & Rubber v. Chiles Power Supply*, 332 F.3d 976, 980-81 (6th Cir. 2003) (recognizing a privilege for settlement communications); *see also* Local Civil Rule 16.3(c).

## Conclusion

As set forth above, Emery does not object to the relief requested in the Petition. That non-objection should not, however, be taken as agreement with the inaccurate and unsupported allegations made concerning Emery in the Petition, nor should it be taken as consent to Class Counsel's violation of the settlement discussion privilege recognized in *Goodyear Tire*. The Court should not rely on Class Counsel's inaccurate assertions regarding Emery, or on privileged settlement communications, in ruling on the Petition.

Dated: May 23, 2018

Respectfully submitted,

/s/ Carolyn A. Taggart
Carolyn A. Taggart   (0027107)
Porter Wright Morris & Arthur LLP
250 East Fifth Street, Suite 2200
Cincinnati, Ohio  45202-5118
Phone:  (513) 369-4231
Fax:     (513) 421-0991
Email:   ctaggart@porterwright.com

David M. Souders (*pro hac vice*)
Michael Y. Kieval (*pro hac vice*)
Jeffrey P. Blackwood (*pro hac vice*)
WEINER BRODSKY KIDER PC
1300 19th Street, NW, Fifth Floor
Washington, DC 20036
Phone:  (202) 628-2000
Fax:  (202) 628-2011
Email:  souders@thewbkfirm.com
Email:  kieval@thewbkfirm.com
Email:  blackwood@thewbkfirm.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 23rd day of May, 2018, a copy of the foregoing Response was electronically filed with the Clerk of the Court using the CM/ECF system, causing service to be effected on all counsel of record.

/s/ Carolyn A. Taggart
Carolyn A. Taggart

DMS/11139285v.1